IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

    vs.

  (1) MAHDI MOHAMMAD SADEGHI, and

  (2) MOHAMMAD ABEDININAJAFABADI,

     Defendants.

Criminal No. 24-cr-10391-IT

## JOINT INTERIM STATUS REPORT AND
## MOTION FOR ORDER OF EXCLUDABLE DELAY

The defendants were indicted on December 19, 2021, and charged with one count of conspiracy to violate the International Emergency Economic Powers Act ("IEEPA") and the Iranian Transactions and Sanctions Regulations ("ITSR"), in violation of Section 1705 of Title 50 of the United States Code, and Part 560 of Title 31 of the Code of Federal Regulations; and multiple substantive counts of violating the IEEPA and the ITSR.  Abedini was also charged with conspiracy to provide material support to a foreign terrorist organization resulting in death, in violation of Section 2339B(a)(1) of Title 18 of the United States Code, and with provision and attempted provision of material support to a foreign terrorist organization resulting in death, in violation of Section 2339B(a)(1) of Title 18 of the United States Code.  Defendant Sadeghi was arraigned on the indictment on December 27, 2024.  Defendant Abedini is a fugitive.  Pursuant to Local Rule 116.5(b), and after consulting with counsel for the defendant Sadeghi, the government submits the following joint status report.

### 1. Automatic Discovery and Discovery Requests

The government has made an initial production of automatic discovery and has made available for inspection and copying the physical evidence seized from Sadeghi during the search

of his residence.  Automatic discovery is not yet complete.  Defendant Sadeghi has requested that the government share FBI 302 interview reports that have been completed.  The government has declined to do so at this time given that its investigation is active and ongoing.

### 2.  Timing of Additional Discovery

The government is in the process of establishing an electronic database for additional automatic discovery in searchable form.  Because that process has taken longer than anticipated, at the defendant's request the government is producing additional electronic discovery in native format.

### 3.  Timing of Additional Discovery Requests

Defendant Sadeghi has not had the opportunity to fully review the discovery and reserves the right to make additional discovery requests after automatic discovery is complete.

### 4.  Protective Orders

A protective order was entered by the Court on January 28, 2025.

### 5.  Pretrial Motions

Defendant Sadeghi has not filed any pretrial motions under Fed. R. Crim. P. 12(b). Defendant Sadeghi reserves the right to file after review of the discovery.

### 6.  Timing of Expert Disclosures

The Court has not yet established a date for expert witness disclosures and the parties believe it is premature to set such a date at this time.

### 7.  Defenses

It is too early for the defense to assess this issue.

### 8.  Excludable Delay

Zero days of non-excludable time have accrued.

### 9.  Plea Discussions, Trial

The parties have not yet engaged in plea negotiations.  It is therefore difficult to assess the likelihood of trial.  Any trial is anticipated to last approximately three weeks.

### 10. Timing of Status Conference

The case is currently set for a status conference on April 23, 2025.  Counsel for both the government and the defense are unavailable the week of April 21, 2025.  Defendant Sadeghi requests additional time to review the discovery and the parties request that the Court cancel the status conference and set an interim status conference in approximately 45 days.  The government anticipates that it will have produced additional discovery materials by that date and the parties can accurately assess what additional time is necessary for the defense to review the discovery and make any discovery requests at that time.

Additionally, the parties hereby move this Honorable Court for an Order designating the period from April 23, 2025 through the date set for the next status conference as excludable delay pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A), on the ground that the ends of justice served in the delay outweigh the best interests of the public and the defendants in a speedy trial.

April 16, 2025                                             Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    /s/ *Jared C. Dolan*
        JARED C. DOLAN
        ALATHEA E. PORTER
        Assistant United States Attorneys

3

## CERTIFICATE OF SERVICE

I hereby certify that this document filed today through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jared C. Dolan
Jared C. Dolan
Assistant United States Attorney

April 16, 2025