IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

No.  1:24-cr-10391-IT

MAHDI SADEGHI

**DEFENDANT MAHDI SADEGHI'S**
**PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, Defendant Mahdi Sadeghi respectfully requests that, in addition to its other standard instructions, this Court give the proposed instructions on the charged offenses set forth below.

Mr. Sadeghi reserves the right to supplement, modify, or withdraw these requested instructions in light of the requests filed by the prosecution, rulings by this Court, and evidence admitted at trial.

# TABLE OF CONTENTS

PROPOSED INSTRUCTION NO. 1 – Indictment ........................................................... 1

PROPOSED INSTRUCTION NO. 2 – Charges........................................................... 2

PROPOSED INSTRUCTION NO. 3 – Mr. Sadgehi ................................................... 3

PROPOSED INSTRUCTION NO. 4 – Presumption of Innocence................................ 4

PROPOSED INSTRUCTION NO. 5 – Government's Burden ...................................... 5

PROPOSED INSTRUCTION NO. 6 – Proof Beyond a Reasonable Doubt ................................. 6

PROPOSED INSTRUCTION NO. 7 – Export Policy ................................................... 7

PROPOSED INSTRUCTION NO. 8 – Company Policy ............................................... 8

PROPOSED INSTRUCTION NO. 9 – Counts 2, 4, 7 and 8 (Export Violations) ......................... 9

PROPOSED INSTRUCTION NO. 10 – Counts 2, 4, 7, 8 (Aiding and Abetting)....................... 13

PROPOSED INSTRUCTION NO. 11 – Count 1 (Conspiracy) ..................................... 15

PROPOSED INSTRUCTION NO. 12 – Good Faith ................................................... 18

PROPOSED INSTRUCTION NO. 13 – Alleged Co-Conspirators............................... 19

PROPOSED INSTRUCTION NO. 14 – Law Enforcement Witnesses ...................................... 20

PROPOSED INSTRUCTION NO. 15 – Expert Witnesses ......................................... 21

PROPOSED INSTRUCTION NO. 16 – Implicit Bias ................................................ 22

## PROPOSED INSTRUCTION NO. 1

### The Indictment is not evidence.

Mr. Sadeghi is charged by what is called an indictment. An indictment is merely a formal method used by the government to accuse a person of a crime. The indictment is not proof the person committed the crime, and it is not evidence of any kind.

You may not consider the fact that Mr. Sadeghi was charged by indictment as evidence that he committed the charged crimes—either violating U.S. export laws or conspiring to do so. Even though an indictment issued against Mr. Sadeghi, he starts this trial with a "clean state"— that is, Mr. Sadeghi is presumed innocent, and the prosecution has not yet presented any evidence against him.[1]

---

[1] *See* First Circuit Crim. Pattern Jury Ins. §§ 1.02, 3.08; K. O'Malley, J. Grenig & W Lee, Fed. Jury Prac. & Ins. §§ 12.10, 13.04 (6th ed.).

1

**PROPOSED INSTRUCTION NO. 2**

**Only consider the charges in the Indictment.**

As jurors, it is your job to decide whether Mr. Sadeghi is guilty beyond a reasonable doubt of any crime charged in the indictment. As I will explain to you, those crimes include willfully violating U.S. export laws or conspiring to do so. Mr. Sadeghi is not charged with any other crimes, and you should not consider whether he may have committed some other crime that has not been brought against him in the indictment.[2]

---

[2] *See* Modern Fed. Jury Ins. – Criminal § 3.01, Ins. 3-3 (Consider Only the Charges); Ninth Circuit Pattern Crim. Jury Ins. § 3.10 ("You are here only to determine whether the defendant is guilty or not guilty of the charge[s] in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment").

**PROPOSED INSTRUCTION NO. 3**

**Only consider the charges against Mr. Sadeghi.**

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict must be based solely on the evidence concerning Mr. Sadeghi and not any other person. The case against Mr. Sadeghi stands and falls upon the proof or lack of proof against him alone, and your verdict as to him should not be influenced by your views about any other person.[3]

In deciding whether the government has proven beyond a reasonable doubt that Mr. Sadeghi committed any of the charged crimes, you should not consider or draw any inference from the fact that that any other person is not here on trial, has been identified as a co-conspirator but not charged with any crime; or has not been accused of any wrongdoing at all. Those matters are not your concern.[4]

---

[3] *See* Modern Fed. Jury Ins. – Criminal § 3.01, Ins. 3-7 (citing *United States v. Gonzalez-Velez*, 466 F.3d 27 (1st Cir. 2006)).

[4] *See* Modern Fed. Jury Ins. – Criminal § 3.01, Ins. 3-4.

**PROPOSED INSTRUCTION NO. 4**

**Mr. Sadeghi is presumed innocent.**

It is a cardinal principle of our system of justice that every person accused of a crime, including Mr. Sadeghi, is presumed to be innocent. The presumption of innocence is not a mere formality. It is a matter of the most importance.

The presumption of innocence stays with Mr. Sadeghi throughout the trial, unless and until you find in your deliberations that the prosecution has proven his guilt beyond a reasonable doubt. Indeed, the presumption of innocence alone may be sufficient to raise a reasonable doubt and to require you to find Mr. Sadeghi is not guilty of the charged crimes.[5]

---

[5] *See* First Circuit Crim. Pattern Jury Ins. § 3.02; *see also United States v. MacKenzie*, No. 01-cr-10350-DPW (D. Mass. 2004).

4

**PROPOSED INSTRUCTION NO. 5**

**The government bears the burden of proof.**

The presumption of innocence unless and until guilt is proven means that the burden of proof is always on the government to convince you beyond a reasonable doubt that Mr. Sadeghi is guilty of the crimes with which he has been charged.

The burden of proof never shifts to Mr. Sadeghi. Rather, the government must prove all of elements of the crimes charged beyond a reasonable doubt with the evidence presented during the trial and the reasonable inferences to be drawn from that evidence.

Because the burden of proof never shifts from the government to Mr. Sadeghi, he has no obligation to do anything at the trial. He need not question the government's witnesses, call his own witnesses, or present any evidence of his own. [*If Mr. Sadeghi does not testify*] Moreover, as I will instruct you, he has a constitutional right not to testify.

Mr. Sadeghi has the right to rely upon the government's failure or inability to prove beyond a reasonable doubt every essential element of the crimes charged against him.[6]

---

[6] *See* First Circuit Crim. Pattern Jury Ins. § 3.02; *see also United States v. MacKenzie*, No. 01-cr-10350-DPW (D. Mass. 2004).

5

**PROPOSED INSTRUCTION NO. 6**

**The Government must prove its case beyond a reasonable doubt.**

The government must prove beyond a reasonable doubt that Mr. Sadeghi is guilty of the crimes charged in the Indictment. Proof beyond a reasonable doubt is a strict and heavy burden. It does not mean that a defendant's guilt must be proved beyond all possible doubt. But it does require that the evidence exclude any reasonable doubt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using your reason and common sense, you cannot say, as jurors in this case, that you have a settled conviction about the truth of the charges.

No defendant may ever be convicted on suspicion or conjecture. Therefore, if you view the evidence in the case as reasonably permitting either of two conclusions, one that Mr. Sadeghi is guilty as charged, and the other that he is not guilty, you must give Mr. Sadeghi the benefit of the doubt and return a verdict of not guilty.

It is not even sufficient for the government to prove a probability, even a strong one, that Mr. Sadeghi is more likely guilty than not guilty. Under our Constitution, that is not enough for the government to meet its burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases, the law does not require proof that overcomes every possible doubt.[7]

---

[7] *See United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997) (approving instruction by Judge Keeton).

6

## PROPOSED INSTRUCTION NO. 7

### Do not consider U.S. export control policy.

This case is not a referendum about export control policy in the U.S. It may be that you are in favor of more, less, or different policies about sending items from the U.S. to other countries. It may be that the reasons for controlling exports from the U.S. make sense to you or not. But that is not what this case is about. Export policy is only the general background.

As jurors, you are here to decide whether Mr. Sadeghi willfully violated U.S. export laws in the particular way that the government has alleged—that is, he willfully exported or reexported items from the United States to Iran or conspired with others to do so on the dates in question.

Thus, you should keep to yourself and not be influenced by whatever personal opinion you may have about U.S. export controls as they relate to Iran or any other country. You should consider only the evidence in this case to decide whether or not the government has proven beyond a reasonable doubt that Mr. Sadeghi willfully violated U.S. export laws.[8]

---

[8] Adapted from *United States v. MacKenzie et al.*, No. 01-cr-10350-DPW (D. Mass. 2004).

7

## PROPOSED INSTRUCTION NO. 8

## The violation of company policy is not a crime.

You have heard some evidence in this case about company policies concerning export controls. As jurors, it is not your job to decide whether Mr. Sadeghi or any person may have violated a company policy. As jurors, you are tasked with deciding whether Mr. Sadeghi wilfully violated U.S. export laws. Thus, even if you determine that a company policy was violated, that itself is not evidence that any crime occurred.[9]

---

[9] *See United States v. Skilling*, 561 U.S. 358, 409-10 (2010); *United States v. Harvard*, 103 F.3d 412, 422 (5th Cir. 1997); *United States v. Anderson*, No. 04-cr-249(01), 2006 U.S. Dist. LEXIS 47749, *8-9 (D. Minn. July 13, 2006).

8

**PROPOSED INSTRUCTION NO. 9**

**Counts 2, 4, 7, and 8: Alleged Violations of IEEPA and ITSR**
(50 U.S.C. § 1705(c), 31 C.F.R. §§ 560.203-206)

In Counts 2, 4, 7, and 8, the Superseding Indictment charges that Mr. Sadeghi violated U.S. export laws by knowingly and willfully exporting or reexporting goods or technology to Iran, on or about the following dates:

Count 2 – September 29, 2022

Count 4 – July 11, 2023

Count 7 – March 15, 2024

Count 8 – May 6, 2024

For you to find Mr. Sadeghi guilty of any of these offenses, you must be convinced beyond a reasonable doubt that the prosecution has proven the following five elements.

**First**, that Mr. Sadeghi "exported," "reexported," or "supplied" certain goods or technology to Iran. To "export" to Iran means to send an item from the United States to Iran, and to "reexport" to Iran means to receive the item in a third country (from the United States) and then send it to Iran.[10]

**Second**, that Mr. Sadeghi acted "knowingly."[11] To act "knowingly" means that an act was done voluntarily and intentionally and not because of mistake or accident. The requirement on the

---

[10] *United States v. Jalal Hajavi*, No. 24-10329, 2025 U.S. App. 13151, at *3 (11th Cir. May 30, 2025) (discussing ITSR); *see also United States v. Ehsan*, 163 F.3d 855, 859 (4th Cir. 1998).

[11] *See* First Circuit Pattern Crim. Jury Ins. §2.15; *see also United States v. Levin*, 13 F.4th 96, 101 & n.2 (1st Cir. 2021); *United States v. Tracy*, 36 F.3d 187, 195 (1st Cir. 1994) (citing Sand).

9

government to prove that Mr. Sadeghi acted "knowingly" applies to every element of the charged offense.[12]

**Third**, that Mr. Sadeghi acted "willfully."[13] To act "willfully" means to act voluntarily and intelligently with knowledge that one's conduct is unlawful —that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident, carelessness, willful blindness, or even with knowledge that the bad result will occur.[14] In other words, the government must prove beyond a reasonable doubt that Mr. Sadeghi *knew* he was acting in violation of a legal duty.[15] It is not enough for the government to prove that Mr. Sadeghi acted out of ignorance,

---

[12] *See Xiulu Ruan v. United States*, 597 U.S. 450, 458 (2022) ("We have [] held that a word such as 'knowingly' modifies not only the words directly following it, but also those other statutory terms that 'separate wrongful from innocent acts'").

[13] 50 U.S.C. § 1705(c) (imposing criminal penalties on "[a] person who willfully commits, willfully attempts to commit, or willfully conspires to commit, or aids or abets in the commission of [a violation of 1705(a), which makes it "unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under this title"]").

[14] *See* First Circuit Pattern Crim. Jury Ins. § 2.17.

[15] *United States v. Jalal Hajavi*, No. 24-10329, 2025 U.S. App. LEXIS 13151, at *11-12, *16-17 (11th Cir. May 30, 2025) (affirming instructions that jury had to "find beyond a reasonable doubt that [he defendant] acted 'willfully, that is, voluntarily and intentionally in violation of a known legal duty, specifically the prohibitions on exportation and re-exportation of items to Iran'" and that "'[a]n act is done willfully if it is committed with the knowledge that it was prohibited by law or regulation and with the purpose of disobeying or disregarding the law or regulation,' and . . . , while it was not necessary to show that [the defendant] 'had read, was aware of, or had consulted the specific regulations governing his activities,' the government 'must prove beyond a reasonable doubt, by reference to facts and circumstances surrounding the case, that the Defendant knew that his conduct was unlawful."); *see also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 n.9 (2007) ("willfulness" requires the government to prove that the defendant acted with "specific intent to violate a known legal duty"); *United States v. Mousavi*, 604 F.3d 1084, 1093 (9th Cir. 2010) (government must prove the defendant "knew [his] actions violated the United States' embargo on transactions with Iran"). *See generally* First Circuit Pattern Crim. Jury Instructions § 2.17 ("To act 'willfully' means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed — that is to say, with bad purpose, either to disobey or

mistake, carelessness, or that he *should* have known his conduct may be unlawful. If Mr. Sadeghi did not know he was violating the law, you cannot find him guilty. Likewise, if he did not know and intend for the items at issue to be exported or reexported to Iran, you cannot find him guilty.[16] The requirement that the government prove Mr. Sadeghi acted "willfully" also applies to every element of the charged offense. [17] A person who acts "willfully" is more culpable than one who merely acts "knowingly."

---

disregard the law — not to act by ignorance, accident or mistake."); D.E. 139 at 16-17 (govt. opp. to mot. to dismiss discussing this standard).

[16] *See* 31 C.F.R. § 560.204 (prohibiting indirect exportation to Iran if transactions are "undertaken with knowledge or reason to know that" the goods are "*intended specifically*" for subsequent delivery to Iran) (emphasis added); *Hajavi*, 2025 U.S. App. LEXIS 13151 at *17-18 (government had to prove defendant who sent item to the UAE knew the item was "intended. . . *for supply, transshipment, or re-exportation*, directly or indirectly, or Iran'") (emphasis added); *id*. at *18 (government had to prove defendant knew federal law "prohibited him from sending items to the UAE *for reexportation to* Iran") (emphasis added). *United States v. Quinn*, 403 F. Supp. 2d 57, 67 (D.D.C. 2005) (prior to the *Rehaif* line of cases, finding government had to prove "(1) that the defendants knew their specific conduct – shipping goods from the United States to Iran, via the UAE – was illegal at the time they engaged or planned to engage in the conduct and (2) that, by virtue of that knowledge of illegality, the defendants' *cooperative efforts to bring about those shipments*" comprised the intent "to *accomplish an indirect export of goods to Iran*") (emphasis added); *United States v. Wu*, Case No. 08-cr-10386-PBS, D.E. 316 at 55 (Apr. 19, 2011) (instructing jury, "Fourth, that the defendant intended, at the time that the defendant exported the particular item from the United States to Hong Kong, that the item would transit or be transshipped through Hong Kong to China"); *see also id.* at 45-46 ("if the exporter had the intent, at the time of the export, that the final destination for the commodity would be China, and the items were only transshipped or transited through Hong Kong, a license would be required").

[17] *See Rehaif v. United States*, 588 U.S. 225, 229 (2019) (discussing the "longstanding presumption, traceable to the common law, that Congress intends to require a defendant to possess a culpable mental state regarding each of the statutory elements that criminalize otherwise innocent conduct"); *Ratzlaf v. United States*, 510 U.S.135, 146-47 (1994) (where statute criminalized "willfully violating" a law that made it illegal to break a single financial transaction that satisfied a financial institution's reporting threshold into smaller transactions so that the financial institution processing it would not have to report the transaction, government must prove not only that defendant knew of the financial institution's duty to report cash transactions over the threshold amount but also knew that he had a duty not to cause the bank to fail to comply with its reporting requirement by structuring his transaction into smaller transactions).

11

**Fourth**, that items at issue were not "information" or "information materials." Because of the First Amendment, Congress created an exception to the IEEPA to protect people's right to share "information." It is, therefore, not a crime to export or reexport "information" or "informational materials," even to Iran. Under U.S. law, the sharing of informational materials, whether commercial or otherwise, regardless of format or medium of transmission, is protected and not regulated, meaning such materials can be lawfully sent to Iran.[18] For these purposes, the terms "information" or "informational materials" include publications, films, posters, phonograph records, photographs, microfilms, microfiche, tapes, compact disks, CD ROMs, artworks, and news wire feeds.[19] These terms also includes things like computer software and social media platforms.[20] If you have any reasonable doubt about whether an item that was allegedly exported or reexported was information or informational materials, you must find Mr. Sadeghi not guilty.[21]

**Fifth**, that no one involved in the export or reexport of the items at issue to Iran had prior authorization or a license from the Department of the Treasury for the export or reexport of the items to Iran; that is, that neither ADI, Mr. Sadeghi, Abedini, or Illumove, had prior authorization or a license from the Department of the Treasury for the export of the items to Iran.

---

[18] 31 C.F.R. § 510.213(c)(1).

[19] 31 C.F.R. § 510.312.

[20] *See United States v. Ali Amirnazmi,* 645 F.3d 564, 582 (3d Cir. 2011) (finding "technology and software" can also "qualify[] as 'informational materials' under the regulations"); *Marland v. Trump,* 498 F. Supp. 3d 624, 641 (E.D. Pa. 2020) (finding plaintiffs were likely to succeed in showing the Executive ban on TikTok was "*ultra vires* under IEEPA's informational materials exception").

[21] *See Amirnazmi,* 645 F.3d at 582 (jury "was instructed that the government had the burden of proving beyond a reasonable doubt the information exemption did not apply"); *United States v. Griffith,* 515 F. Supp. 3d 106, 116 (S.D.N.Y. 2021) ("The Government May Prove at Trial that the 'Services' Fall Outside the 'Informational Exception'").

**PROPOSED INSTRUCTION NO. 10**

**Aiding and Abetting**
(18 U.S.C. § 2)

Counts 2, 4, 7, and 8 also charge that Mr. Sadeghi "aided and abetted" in the charged violations of U.S. export laws.

To "aid and abet" means to intentionally to help someone else commit the charged crime with the intention that the crime be committed.

For you to find Mr. Sadeghi guilty of aiding or abetting another person in committing the crimes charged in Counts 2, 4, 7, or 8, you must be convinced beyond a reasonable doubt that the prosecution has proven the following three elements.

**First**, that another person, known under the law as "the principal," violated U.S. export laws by knowingly and willfully exporting or reexporting goods or technology to Iran—that is, another person knowingly and willfully committed the charged crimes. As a matter of law, it is not possible to aid or abet another person who does not intentionally commit a crime but only acts out of accident, mistake, ignorance, or negligence.

**Second**, that Mr. Sadeghi took an affirmative act that substantially assisted the principal to commit the crime. Although the government must prove beyond a reasonable doubt that Mr. Sadeghi actively assisted the other person in committing a charged crime, it need not prove that he participated in every element of that crime.

**Third**, that Mr. Sadeghi intended to help or cause the principal to commit the charged crime. A general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence while a crime is happening, knowledge that someone else is willfully and unlawfully exporting an item to Iran, or mere association with that person are also not

13

sufficient. But you may consider such factors, among others, in determining whether the government has met its burden.[22]

---

[22] First Circuit Pattern Crim. Jury Ins. § 4.18.02(a) – Aid and Abet, 18 U.S.C. § 2(a).

**These proposed instructions do not include a § 2(b) instruction – Causing An Act to Be Done Through Another – because § 2(b), which is not explicitly charged in the Superseding Indictment, is precluded or supplanted by 50 U.S.C. § 1705(c), which conspicuously *omits* criminal liability for "causing" a violation of the regulations.** Section 1705(a) confers *civil* liability if someone "violate[s[, attempt[s] to violate, conspire[s] to violate, or cause[s] a violation of" the regulations. Section 1705(b) imposes civil penalties for any of those acts. But section 1705(c), the sole provision creating *criminal* liability, limits such liability to persons who "willfully commit[], willfully attempt[] to commit, or willfully conspire[] to commit, or aid[] or abet[] in the commission of" a violation of 1705(a). There is therefore no criminal liability for "caus[ing]" another person to violate the ITSR. Mr. Sadeghi reserves his right to propose a § 2(b) instruction, if the Court decides to include one in its final charge to the jury.

**PROPOSED INSTRUCTION NO. 11**

**Count 1: Alleged Conspiracy to Violate IEEPA and ITSR**
(50 U.S.C. § 1705(c), 31 C.F.R. §§ 560.203-206, 18 U.S.C. § 2)

In Count 1, the Superseding Indictment charges that, between January 2016 and December 16, 2024, Mr. Sadeghi knowingly and willfully conspired, with Mohammad Abedini and others, to violate the U.S. export laws—specifically, IEEPA and ITSR.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details, but the government must prove beyond a reasonable doubt that the members of the conspiracy shared a general understanding about the crime and shared a criminal goal. Mere similarity of conduct among various people, or the fact that they may have associated with each other in business or personal affairs or worked jointly on other projects, or shared common aims and interests, does not necessarily establish proof of the existence of a criminal conspiracy, but you may consider such factors. The essence of a conspiracy is an agreement among two or more people to commit a crime. [23]

To find Mr. Sadeghi guilty of conspiring to violate U.S. export laws the government must prove to you, unanimously and beyond a reasonable doubt, each of the following elements:

**First**, an "agreement" existed between Mr. Sadeghi and Abedini (or at least one other person) to violate IEEPA and ITSR by exporting or reexporting goods or technology from the United States to Iran, without authorization or a license.[24] That alleged violation of U.S. export

---

[23] *See* First Circuit Pattern Crim Jury Ins. § 4.18.371(1); *see also MacKenzie, supra.*

[24] The instruction should not permit conviction on a theory that Mr. Sadeghi conspired to "cause" another (unwitting) individual to violate the IEEPA and ITSR. *See* 50 U.S.C. § 1705(c) (limiting criminal liability to whoever "willfully commits, … attempts to commit, … conspires to commit, or aids or abets in the commission of" an act that violates the regulations); *compare to id.*

laws is called the "object" of the charged conspiracy. I have already explained to you, in connection with Counts 2, 4, 7, and 8, the elements of the alleged violation of U.S. export laws in this case. To establish the charged conspiracy in Count 1, the government must prove beyond a reasonable doubt that there was an agreement to commit the crime of violating IEEPA and ITSR, including all of the required elements.[25]

**Second**, that Mr. Sadeghi "willfully" joined that agreement, understanding its scope and unlawful purpose. The government must prove two types of intent beyond a reasonable doubt before Mr. Sadeghi can be said to have willfully joined the conspiracy: an intent to agree and an intent that the underlying crime be committed.

As I have instructed you, to act "willfully" means to act intentionally in violation of a known legal duty. In other words, for the purpose of Count 1, it means to act with the specific intent to accomplish the crime that is the object of the charged conspiracy—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident, or even by willfull blindness.[26] It is not enough for the government to prove that Mr. Sadeghi intended to export items to Switzerland, while Mr. Abedini intended to reexport the items to Iran; Mr. Sadeghi must himself have intended for the items to be exported or reexported to Iran; he must

---

§ 1705(a) (including in the scope of *civil* IEEPA violations the "caus[ation]" of a violation of the regulations).

[25] *See United States v. Kingrea*, 573 F.3d 186 (4th Cir. 2009) (the jury must be instructed on the elements of the object of the conspiracy, but if the object of the conspiracy is charged in a separate substantive count of the indictment, the instruction can be by reference to that portion of the charge).

[26] The First Circuit has said that proof of intent to join a conspiracy "is not established by willful blindness." *United States v. Lizardo,* 445 F.3d 73, 86 (1st Cir. 2006).

16

have known that reexporting them to Iran was unlawful; and he must have intentionally entered into an agreement with Abedini to accomplish that unlawful goal.

Proof that Mr. Sadeghi willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that Mr. Sadeghi agreed specifically to or knew about all the details of charged conspiracy, or knew all of Abedini's actions, or that he participated in each act of the agreement. But the government must prove beyond a reasonable doubt that he knew the essential features and aims of the conspiracy, and knew that the goal was unlawful.

Even if Mr. Sadeghi was not part of the agreement at the very start, he can be found guilty of conspiracy if he willfully joined the agreement later. On the other hand, a person who does not share the aims of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a member of the conspiracy.

**Third**, that a member of the conspiracy committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.[27] The government does not need to prove that Mr. Sadeghi himself took the overt act or even knew about it. Nor does the government have to prove that the conspiracy succeeded or its ultimate object was achieved.

---

[27] *See* First Circuit Pattern Crim. Jury Ins. § 4.18.371(1); *see United States v. Diatlova*, No. , 2017 U.S. Dist. LEXIS 67599, at *8 (E.D.N.Y. May 3, 2017) (allowing Rule 33 motion and granting new trial for defendant convicted of conspiracy to violate IEEPA).

17

## PROPOSED INSTRUCTION NO. 12

### Good Faith is a complete defense.

The "good faith" of Mr. Sadeghi is a complete defense to all of the charges in the Indictment because good faith on his part is, simply, inconsistent with knowingly and willfully violating export laws, aiding and abetting another person's violation of those laws, or conspiring with others to violate them.

An honest mistake or error in judgment, or lack of knowledge of the law, does not rise to the level of criminal conduct here. If a person acts in the sincere belief or with the honest opinion that his actions were not unlawful, that person's actions are not criminal simply because the person's understanding may have been inaccurate or incorrect.

Good faith has no precise definition. Therefore, in determining whether the government has proven beyond a reasonable doubt that Mr. Sadeghi committed any of the charged crimes, you must consider all of the evidence that bears on his statement mind. For example, good faith may include a person's reasonable reliance on an employer's rules, instructions, and compliance apparatus.

If the evidence in the case leaves you with a reasonable doubt as to whether Mr. Sadeghi acted with criminal intent or in good faith, you must find him not guilty.[28]

---

[28] *See United States v. Simon*, 12 F.4th 1, 50 (1st Cir. 2021); *Mackenzie, supra*; Fed. Jury Prac. and Ins. § 19.06.

18

## PROPOSED INSTRUCTION NO. 13

### Consider evidence about alleged co-conspirators with care.

You have heard evidence that certain individuals, who are alleged in Count 1 of the Indictment to have been co-conspirators of Mr. Sadeghi, did or said things during the period of the charged conspiracy allegedly to further or accomplish the supposed goal of that conspiracy. You may consider such actions and statements by these other individuals in deciding whether or not the government has proven beyond a reasonable doubt that Mr. Sadeghi conspired to violate U.S. export laws. To the extent that these actions and statements may have been done and said outside of Mr. Sadeghi's presence or otherwise without his knowledge, you should examine such evidence with particular care.[29]

---

[29] Fed. Jury Prac. and Ins. § 31.06.

19

## PROPOSED INSTRUCTION NO. 14

### Law Enforcement Witnesses

During the trial, you have heard the testimony of several law enforcement officials. The fact that a witness may be employed by the federal, state, or local government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or less weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.[30]

---

[30] *See* Modern Fed. Jury Ins. – Criminal § 7.01, Ins. 7-16.

**PROPOSED INSTRUCTION NO. 15**

**Expert Witnesses**

During the trial, you have heard the testimony ofertain witnesses who I permitted to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.

You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his opinion. Nor should you substitute it for your own reason, judgment and common sense.

In the end, the determination of the facts in this case rests solely with you.[31]

---

[31] *See* Modern Fed. Jury Ins. – Criminal § 7.01, Ins. 7-21.

21

## PROPOSED INSTRUCTION NO. 16

### Implicit Bias

All people deserve fair and equal treatment in our system of justice, regardless of their race, national origin, religion, age, ability, gender, sexual orientation, education, income level, or any other personal characteristic. Each one of us have what is called "implicit biases." These are hidden feelings, fears, perceptions, and stereotypes in our subconscious. These things impact how we make important decisions. Let me share some strategies that judges have found useful.

First, slow down; do not rush to a decision. Hasty decisions are the most likely to reflect stereotypes or hidden biases. Take time to consider all the evidence.

Second, as you start to draw conclusions, consider what evidence, if any, supports the conclusions that you are drawing and whether any evidence casts doubt on those conclusions. Double check whether you are actually using unsupported assumptions instead of the evidence.

Third, as you think about the people involved in this case, consider them as individuals, rather than as members of a particular group.

Fourth, consider whether you would view the evidence differently if the people were from different groups, such as different racial, ethnic, or gender identity groups?

Fifth, listen to the other jurors. They may have different points of view. They may help you determine whether you are focusing on the evidence or making assumptions based on stereotypes. Conversely, the other jurors could be influenced by their own unstated assumptions. Do not hesitate to question it. You should participate actively, particularly if you think the other jurors are overlooking or undervaluing evidence you find important.[32]

---

[32] *See* 21-cv-10667-MJJ, D.E. 254 at 19.

Respectfully submitted,

**MAHDI SADEGHI**

by his attorneys,

*/s/ William W. Fick*
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
Amy Barsky (BBO #601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
*wfick@fickmarx.com*
*dmarx@fickmarx.com*
*abarsky@fickmarx.com*

## CERTIFICATE OF SERVICE

I, William Fick, hereby certify that on February 6, 2026, I caused this document to be filed through the ECF system.

*/s/ William W. Fick*

23