IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MAHDI SADEGHI | No.  1:24-cr-10391-IT |

**DEFENDANT MAHDI SADEGHI'S MOTION *IN LIMINE*
TO ADMIT EVIDENCE RELEVANT TO *MENS REA***

Pursuant to the United States Constitution, Fed. R. Evid. 401, 402, 404(a), and 405, Defendant Mahdi Sadeghi respectfully requests that this Court permit him to introduce evidence concerning his state of mind, which will be central in this case.

"Whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the . . . Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (citing *Chambers v. Mississippi*, 410 U.S. 284, 285 (1973), *Washington* v. *Texas*, 388 U.S. 14, 23 (1967) & *Davis* v. *Alaska*, 415 U.S. 308 (1974)); *see also United States v. Maxwell*, 254 F.3d 21, 26 (1st Cir. 2001) (a criminal defendant has a "wide-ranging right to present a defense" ); *United States v. Brown*, 669 F.3d 10, 14 (1st Cir. 2012) ("the U.S. Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense."). This encompasses the right to present a defense focusing on the defendant's *mens rea,* particularly as to a specific intent crime. *See, e.g., United States v. Haischer,* 780 F.3d 1277, 1282 (9th Cir. 2015) (finding the exclusion of defendant's evidence that she was threatened and abused prior to submitting a mortgage application violated her right to present a complete defense because the evidence could negate the requisite knowledge and intent to commit fraud).

Here, the Superseding Indictment charges Mr. Sadeghi with conspiracy and substantive violations of the IEEPA, 50 U.S.C. § 1705(c), and ITSR, 31 C.F.R. 560.203-206, by exporting or causing others at Analog Devices, Inc., a multibillion-dollar company where Mr. Sadeghi worked at the time, to export "goods" and "technology"—specifically, microelectromechanical systems ("MEMS") sensors—to Abedini, an Iranian national who was living and working in Switzerland for his Swiss company, Illumove, S.A., and who, according to the government, reexported those same items to Iran.

The prosecution must prove several aspects of knowledge and intent by Mrs. Sadeghi in order to obtain a conviction. First, the *mens rea* for the charged offenses is "willfulness." *See* 50 U.S.C. § 1705(c) (imposing criminal liability on those who "willfully commit[], willfully attempt[] to commit, or willfully conspire[] to commit, or aid[] or abet[] in the commission of" a violation of the export regulations). "Willfully" in this context means "voluntarily and intentionally in violation of a known legal duty, specifically the prohibitions on exportation and re-exportation of items to Iran." *United States v. Jalal Hajavi*, No. 24-10329, 2025 U.S. App. LEXIS 13151, at *16-17 (11th Cir. May 30, 2025) (affirming that instruction, as given by the district court); *see also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 n.9 (2007) ("we have consistently held that a defendant cannot harbor such criminal [willfulness] unless he 'acted with knowledge that his conduct was unlawful'" or, in other words, a "specific intent to violate a known legal duty") (citation omitted). Thus, Mr. Sadeghi is only guilty if he knew his conduct was unlawful.

Embedded in that *mens rea* is the intent to export the items *to Iran.* The government's theory is that Mr. Sadeghi exported or caused the items to be exported *to Switzerland* (which is not unlawful), and that *Abedini/Illumove* then re-exported them to Iran. Mr. Sadeghi can only be convicted if he specifically intended to export items *to Iran* and the government of Iran. *See* 31

2

C.F.R. § 560.204 (prohibiting indirect exportation to Iran if transactions are "undertaken with knowledge or reason to know that" the goods are "*intended specifically* for supply, transshipment, or reexportation … to Iran or the Government of Iran") (emphasis added); *Hajavi*, 2025 U.S. App. LEXIS 13151at *18 (government had to prove defendant knew federal law "prohibited him from sending items to the UAE *for reexportation to Iran*") (emphasis added); *United States v. Quinn*, 403 F. Supp. 2d 57, 67 (D.D.C. 2005) (government had to prove the defendants had the intent "to accomplish an indirect export of goods to Iran"); *United States v. Wu,* Case No. 08-cr-10386-PBS, D.E. 316 at 55 (Apr. 19, 2011) (instructing jury, "Fourth, that the defendant intended, at the time that the defendant exported the particular item from the United States to Hong Kong, that the item would transit or be transshipped through Hong Kong to China"). Thus, evidence that Mr. Sadeghi did not intend want or intent that the items be sent to Iran negates this *mens rea*.

Against this backdrop, Mr. Sadeghi moves to admit an array of evidence concerning his knowledge and intent. First, he expects to offer evidence that directly negates these dual *mens rea* requirements (intent to violate a known legal duty and intent to export to Iran). And second, he expects to offer evidence of a pacifist ideology that is inconsistent with the commission of this offense—which, in addition to serving as direct evidence of his state of mind, intent, and motive, can also be analyzed as "character" evidence.

   1. **Evidence that Directly Negates the Specific Intent Elements of the Crimes Charged Is Admissible.**

As discussed, the government must prove Mr. Sadeghi willfully violated a known legal duty. To negate the government's showing on this element, he expects to offer evidence that he:

- Did not believe he was doing anything unlawful (good faith);[1]

---

[1] *See, e.g., United States v. Simon*, 12 F.4th 1, 50 (1st Cir. 2021) (approving of district court's "good-faith instruction," in case in which defendant sought to rely on a supervisor's approval of

- Believed ADI was responsible for any necessary export compliance diligence on vendors and customers and reasonably relied on ADI to do such diligence;

- Believed that it was lawful to explore business opportunities in Iran during the Joint Comprehensive Plan of Action (JCPOA), which was in effect from January 16, 2016 until November, 2018;

- Was conscientious about export restrictions, as evidenced by: i) communications with ADI personnel concerning export compliance and travel restrictions, including his inquiries about whether he could bring his ADI-issued laptop to Iran and ii) obtaining U.S. government permission to send $1,600 to a person in Iran;

- Worked to promote truthful reporting at and by ADI about export compliance.

With regard to the specific intent to send items to Iran and the government of Iran, he expects to offer evidence that he did not know Abedini/Illumove would send the items to Iran and that he did not intend to assist the government of Iran. This evidence includes evidence Mr. Sadeghi:

- *Opposed* and/or did not like or want to assist the government of Iran;

- Left Iran because he wanted to get away from the government of Iran to live in the United States;

- Did not know Abedini/Illumove would send the information/technology to Iran and had reason to believe he would not (*e.g.*, the NonDisclosure Agreement

---

the activity, which stated that, '[t]he 'good faith' of a Defendant is a complete defense to the charge in the indictment because good faith on the part of the Defendant is, simply, inconsistent with both knowingly and willfully agreeing to become a member of the alleged conspiracy and specifically intending that a member of the alleged conspiracy would commit criminal conduct'").

between ADI and Abedini/Illumove);

- Believed Abedini himself wanted to leave Iran.

Mr. Sadeghi should be given wide latitude to present this evidence, which directly negates the *mens rea* elements of these offenses. In *DePetris,* 239 F.3d at 1062-63, for example, the Ninth Circuit granted habeas relief from the trial court's exclusion of the defendant's state of mind evidence, noting, "proof of the defendant's state of mind was an essential element of the defense." There, a domestic violence victim who killed her abuser wanted to introduce evidence of a journal entry her abuser had written, which she had read and which put her in fear. The Ninth Circuit held the journal itself "would have corroborated her testimony" that she was in fear and believed him to be dangerous. *Id*. at 1063. The curtailment of her testimony and exclusion of the journal comprised such a fundamental denial of her constitutional right to present a defense that habeas relief was warranted, even though she presented significant other evidence and witnesses about her fear.

In *United States v. Rendelman*, No. 8:25-cv-00600-JKB, 2025 U.S. Dist. LEXIS 220536, at *29 (D. Md. Nov. 6, 2025), a defendant accused of making criminal threats was wrongly precluded from introducing "psychological reports and other evidence showing that he was nonviolent." *Id*. at 21. The issue before the jury was whether letters the defendant sent comprised "threats." *Id*. at 1. Because governing law at the time of trial applied an objective, "reasonable person" standard to make that assessment, the district court ruled the evidence of *subjective* intent or state of mind was irrelevant. *Id*. Then the governing law changed from an *objective* standard to a *subjective* standard. In light of the new law, the defendant's state of mind and subjective intent – whether *he intended* to threaten the recipients – became plainly relevant. Because the defendant had been "precluded both from testifying to his subjective mental state and from offering evidence

5

which arguably would have corroborated his testimony by showing that he was not dangerous and only wrote his letters as responses to abuse in prison," the court granted habeas relief. *Id*. at 29. The "preclusion of Rendelma's state of mind defense violated his constitutional right to present a defense." *Id*. at 29; s*ee also, e.g., United States v. Bundy*, No. 2:16-cr-46-GMN-PAL, 2017 U.S. Dist. LEXIS 175627, at *12 (D. Nev. Oct. 23, 2017) (permitting defendants accused of assaulting bureau of land management officials to introduce statements they had heard in the media, which bore on their state of mind and beliefs about the bureau of land management officials they confronted, reasoning that excluding "evidence of Defendants' state of mind and effect on the listener[] would improperly prevent [them] from fully presenting defenses to the jury").

The same principles apply here: the proposed evidence of Mr. Sadeghi's state of mind is directly relevant to negating the government's showing that he had the specific intent to unlawfully export items to Iran.

### 2. Further Evidence of Mr. Sadeghi's Pacifist Ideology Is Admissible as Evidence of a Character Trait for Pacifism.

Mr. Sadeghi is a pacifist with a known history of opposition to military intervention, military industries, war, and violations of human rights. His pro-pacifism, anti-military views make it less likely that he would have intended to send goods to technology to the government of Iran and its military. *See* Fed. R. Evid. 401. This defense, while it is relevant to the intent elements, is also broader: he is simply far less likely to have committed the offense because he had no motive, intent, or desire to do so.

This includes evidence that Mr. Sadeghi:

- Had a "pacifist" or "humanitarian" ideology*; i.e.,* a history of opposition to the production and dissemination of military technology;

- Because of this ideology, he eschewed any involvement in projects relating to

military technology at ADI.

Federal Rule of Evidence 404(a) provides that an accused may introduce "evidence of a pertinent trait of his character." The word "pertinent" is read as synonymous with "relevant." *United States v. Angelini,* 678 F.2d 380, 381 (1st Cir. 1982). "[T]he basic issue is whether the character trait in question would make any fact 'of consequence to the determination' of the case more or less probable than it would be without evidence of the trait." *Id.* (quoting Fed. R. Evid. 401).

Rule 404(a)(2) provides that "defendant may offer evidence of the defendant's pertinent [character] trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it."

Rule 405, in turn, provides that,

> **(a) By Reputation or Opinion.** When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct.
>
> **(b) By Specific Instances of Conduct.** When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct.

Rules 404(a) and 405(a) permit Mr. Sadeghi to introduce opinion and reputation testimony concerning his character for pacifism. Furthermore, he should be permitted to elicit and/or testify to specific instances of conduct to show the same, under Rule 405(a) and/or (b) because this evidence relates to essential elements of the charged offenses. In addition to negating the government's required showing of *mens rea,* his defense to these charges is that he had no motive or desire to export anything to Iran, much less dual use or military technology, because he opposes Iran and opposes military use of technology. His beliefs and state of mind are central to this defense. Because his character trait for pacifism is an "essential element of [his] … defense," he

7

should be permitted to offer specific incidents of conduct to prove his character for pacifism, opposition to war, and opposition to the export or proliferation of any military technology under Rule 405(b). *See, e.g., United States v. Giese*, 597 F.2d 1170, 1190 (9th Cir. 1979) (permitting testimony by the defendant about his character for peacefulness, including a "detailed account of his involvement in various political causes, placing special emphasis on his participation in peaceful civil rights and anti-war movements"); *United States v. Darland*, 626 F.2d 1235, 1237 (5th Cir. 1980) (reversing where district court, in a robbery trial, excluded evidence from a witness who "testified about the defendant's reputation for honesty, for integrity, as a law-abiding citizen, and for peacefulness").

Courts may only exclude evidence of defendants' ideology or views if it has no conceivable relevancy to the elements of the charged offenses. *See, e.g.*, *United States v. Silva-Rosa*, 275 F.3d 18, 23 (1st Cir. 2001) (district court could preclude defendants "from testifying as to the political and religious reasons that motivated them to trespass on Navy property" because beliefs and reasons for trespassing were irrelevant to the charge and they did not qualify for a necessity instruction).  That is not the case here. Mr. Sadeghi's opposition to Iran and opposition to the dissemination of military technology unquestionably make it less likely that he would have knowingly exported goods or technology to Iran and its military. That is the test for relevancy.

WHEREFORE, Mr. Sadeghi submits he has a fundamental right to introduce evidence of his knowledge, beliefs, state of mind, specific intent, and character for peacefulness/pacifism as relevant to the specific intent elements of the offense, as well as to his general defense that he would never have knowingly and willfully exported technology to Iran.

8

Respectfully submitted,

**MAHDI SADEGHI**

by his attorneys,

/s/ William W. Fick
Amy Barsky (BBO #601111)
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
*wfick@fickmarx.com*
*dmarx@fickmarx.com*
*abarsky@fickmarx.com*

## LOCAL RULE 7.1 CERTIFICATION

Defense counsel certify that they conferred in good faith with counsel for the government in an effort to resolve or narrow the issues described herein.

/s/ William W. Fick

## CERTIFICATE OF SERVICE

I, William Fick, hereby certify that on February 6, 2026, I caused this document to be filed through the ECF system.

/s/ William Fick

9