UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>        v.<br><br>(1)  MAHDI MOHAMMAD SADEGHI,<br>      a/k/a MOHAMMAD MAHDI<br>      SADEGHI, and<br>(2)  MOHAMMAD<br>      ABEDININAJAFABADI, a/k/a<br>      "MOHAMMAD ABEDINI,"<br><br>                    Defendants. | No. 1:24-CR-10391-IT |

**NOTICE OF EXPERT WITNESS**

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), the government hereby provides notice of the following expert witness whom the government may call in its case-in-chief at trial.[1] The government also hereby requests reciprocal discovery, pursuant to Rule 16(b)(1)(C), regarding any expert witness whom either defendant intends to call at trial.

The government intends to call Jeremy Krizek of the U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC"). This witness's testimony will be based upon, *inter alia*, his academic and professional training and experience, his review of applicable laws, policies, and procedures regarding U.S. sanctions, and his review of the particular transactions involving the defendants that are subject to U.S. sanctions, including any relevant agency records. The opinion offered by this witness will not be based on any classified information. A statement of the

---

[1] The government does not concede this witness is an expert but discloses his testimony in an abundance of caution. The government reserves the right to supplement this notice.

witness's qualifications is attached, and a description of the anticipated testimony is set forth below.

Mr. Krizek is a Senior Enforcement Investigations Coordinator in OFAC at the U.S. Department of the Treasury. OFAC is a component of the U.S. Department of the Treasury that administers and enforces economic and trade sanctions based on U.S. foreign policy and national security goals against targeted foreign countries and regimes and other threats to the national security, foreign policy, or economy of the United States. OFAC has authority under certain statutes, Executive Orders, and implementing regulations, including the International Emergency Economic Powers Act ("IEEPA"), Title 50, United States Code Sections 1701 to 1708, and the Iranian Transactions and Sanctions Regulations ("ITSR"), Title 31, Code of Federal Regulations, Part 560.

Mr. Krizek has worked at the U.S. Department of Treasury since October 2013 on matters relating to sanctions. Since January 2017, he has worked in OFAC's Enforcement Division independently administering U.S. sanctions laws on over 150 international trade transactions and economic sanctions investigations, to include several public enforcement actions involving sanctions on Iran or other sanctions programs that have resulted in millions of dollars in fines or penalties. As a Senior Enforcement Officer and Investigator Coordinator, he has trained and mentored new Enforcement Division employees on technical enforcement investigative tools and best practices for interpreting U.S. sanctions laws. He has presented on behalf of OFAC at over a dozen domestic and international conferences, and provided strategic advice on the IEEPA statute and implementing regulations, and other sanctions regulations administered by OFAC.

Mr. Krizek will explain for the jury how a sanctions program works. Typically, a sanctions program is established via an Executive Order to address a national emergency. Once the President

USAO_421437

declares a national emergency, IEEPA authorizes the President to impose economic sanctions in order to address unusual and extraordinary threats related to the emergency. The Secretary of the Treasury, whom the President often delegates to implement and enforce sanctions, redelegates the administration of those sanctions within the Treasury Department to OFAC. As Mr. Krizek will explain, a sanctions program typically involves prohibitions, exemptions, and authorizations, including licenses; prohibitions are generally on activity by U.S. persons and activities within or through the United States. In the context of a sanctions program, OFAC has the authority under IEEPA to issue individualized licenses, which authorize certain activity that otherwise would be prohibited. Essentially, sanctions prohibit the activity, but, through the administration of sanctions, OFAC can authorize activity that is otherwise prohibited. Any party can apply to OFAC for a specific license.

Concerning the Iran sanctions program, Mr. Krizek will describe the applicable prohibitions, restrictions, and requirements regarding transactions subject to U.S. economic and trade sanctions laws and regulations. He will briefly describe IEEPA, and the relevant Executive Orders issued by United States Presidents that have subjected Iran to a comprehensive trade embargo, including Executive Order 12170 (Nov. 14, 1979); Executive Order 12957 (Mar. 15, 1995); Executive Order 12959 (May 6, 1995); and Executive Order 13059 (Aug. 19, 1997). He will explain how the Executive Orders have empowered the Secretary of the Treasury to promulgate the ITSR (originally called the Iranian Transactions Regulations and renamed ITSR in 2013), which include prohibitions against exporting, re-exporting, selling, or supplying goods, technology, or services, directly or indirectly, to Iran and against a U.S. person engaging in any transaction or dealing in or related to goods, technology, or services for exportation, reexportation,

3

USAO_421438

sale or supply, directly or indirectly, to Iran, without a license from OFAC and subject to very limited exceptions.

Mr. Krizek will testify as to why OFAC implements sanctions on Iran in furtherance of U.S. national security interests. Under the authority of IEEPA, the President declared a national emergency with respect to the actions and policies of the Government of Iran, including its support for international terrorism, its efforts to undermine the Middle East peace process, and its efforts to acquire weapons of mass destruction and the means to deliver them. To further respond to this threat, the President later imposed comprehensive trade and financial sanctions on Iran, which OFAC implements and promulgates with the ITSR.

Mr. Krizek will further explain how the ITSR prohibits any transaction that evades or avoids, has the purpose of evading or avoiding, causes a violation, or attempts to violate the ITSR. Mr. Krizek will additionally explain how the ITSR and IEEPA further prohibit any conspiracy to violate the same.

Mr. Krizek will also describe the licensing application process employed by OFAC. Typically, individuals and businesses must submit license applications to OFAC via an online platform, which helps streamline the application process and facilitates communication between OFAC and interagency reviewers and license applicants.

Finally, Mr. Krizek will testify as a fact witness, based on his personal knowledge, regarding the defendants' licensing history with OFAC. Based on that personal knowledge from a review of internal OFAC systems, Mr. Krizek will testify that none of the following individuals or entities, from at least January 1, 2016 through the present, obtained a specific license from OFAC to export or re-export any item or service to Iran:

4

USAO_421439

1. Mohammad Abediny Najafabadi (aka Mohammad Abedini Najafabadi, Mohammad Abediny, Mohammad Abedini, Mohammad Abedinynajafabadi, and Mohammad Abedininajafabadi)

2. Illumove SA

3. Tacit Motion Inc.

4. SDRA aka San'at Danesh Rahpooyan Aflak Co.

In addition, he will testify from his personal review of OFAC records that the defendant Mahdi Sadeghi (aka Mohammad Mahdi Sadeghi; Mohammad Sadeghi) was issued a license on or about August 7, 2020, authorizing the unblocking of approximately $1,600 which appeared to have been blocked due to a false positive match between the applicant and an SDN (a Specially Designated National or Blocked Person).[2]

Mr. Krizek has previously testified as an expert witness in *United States v. Wang et al.*, Crim No. 20-254 (E.D. Pa. 2023) (October 12 and 16, 2023). Mr. Krizek has not authored a publication in the previous 10 years.

Mr. Krizek has provided his signature below to indicate that he has approved the above statement.

Jeremy S. Krizek

Digitally signed by Jeremy S. Krizek
Date: 2026.01.30 10:29:32 -05'00'

_____

Jeremy Krizek
Pursuant to Fed. R. Crim. P. 16(a)(1)(G)(v),
I approve the foregoing disclosure

---

[2] Mr. Krizek will explain that the Specially Designated Nationals and Blocked Persons List (the "SDN List"), maintained by OFAC, lists those individuals and entities whose property and interests in property are blocked by OFAC, and that U.S. persons are prohibited from engaging in transactions with SDNs absent a specific license from OFAC.

USAO_421440

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: /s/               
JARED C. DOLAN
ALATHEA E. PORTER
Assistant United States Attorneys

LESLIE C. ESBROOK
Trial Attorney
National Security Division
U.S. Department of Justice

Dated: January 30, 2026

USAO_421441