UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>MAHDI MOHAMMAD SADEGHI,<br>a/k/a MOHAMMAD MAHDI SADEGHI<br><br>Defendant. | No. 1:24-CR-10391-IT |

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO CO-CONSPIRATOR'S FOREIGN DETENTION AND RELEASE**

The government moves *in limine* to preclude evidence and argument regarding the detention in Italy and subsequent release of Sadeghi's co-conspirator, Mohammad Abedini. While the government intends to elicit testimony and present evidence related to Abedini to explain how Sadeghi joined a conspiracy with Abedini and the yearslong relationship between the two, and expects that the defense will similarly discuss Abedini in its case, any reference to Abedini's arrest and release by Italian authorities has no bearing on this case or the charges against Sadeghi. Even if it did, discussion of the Italian authorities' decision to release Abedini is overly prejudicial and, to the extent it rests on considerations of foreign sovereign discretion or evaluation of foreign law that is not material to this case, would only serve to confuse the jury and present undue delay at trial.

**FACTUAL BACKGROUD**

The Superseding Indictment charges Sadeghi and his co-defendant, Mohammad Abedini, with various sanctions-related offenses (Counts One through Eight). *See generally* Dkt. 149. Abedini is separately charged with conspiracy to provide, provision of, and attempted provision of material support to a foreign terrorist organization resulting in death (Counts Nine and Ten). *Id.* On December 16, 2024, the day of Sadeghi's arrest in Massachusetts, Abedini was detained in Italy

pursuant to a warrant issued by the United States.  Abedini was subsequently released from Italian custody in January 2025.  According to public records, including a press release issued by the U.S. Department of Justice in January 2025, Abedini is believed to be in Iran.[1]

According to public statements by Italian officials as reported in English news media, Abedini was released from detention in Italy because violations of the International Economic Emergency Powers Act, one of the United States' laws under which Abedini was charged, were not offenses punishable under Italian law, as required to extradite an individual from the United States to Italy.[2]  English news articles further stated that Italian media "linked" Abedini's release from Italian custody with Iran's release of an Italian journalist, who was detained by Iranian authorities in Tehran just three days after Abedini's arrest in Italy in December.  *Id.*

## APPLICABLE LAW

"Evidence is relevant" where it pertains to a fact that "is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  Evidence is relevant is it "move[s] the inquiry forward to some degree."  *United States v. Criz-Ramoz*, 987 F.3d 27, 42 (1st Cir. 2021).  "Relevancy, however, is a condition precedent to admissibility, not an ironclad guarantee of admissibility." *Torres-Arroyo v. Rullan*, 426 F.3d 1, 7 (1st Cir. 2006).  Courts may exclude even relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.  Fed. R. Evid. 403.

---

[1] *See* United States Seeks Civil Forfeiture of Cryptocurrency Associated with Iranian National Mohammad Abedini, U.S. Attorney's Office, District of Massachusetts https://tinyurl.com/mvrbvk6v (last accessed Feb. 6, 2026).

[2] *See, e.g.*, Reuters, Iranian businessman arrested in Italy returns home, Jan. 12, 2025, https://tinyurl.com/j5yf3efz (last accessed Feb. 6, 2026); CNN, Italy releases Iranian businessman wanted by US over drone attack that killed Americans, Jan. 12, 2025, https://tinyurl.com/4f6eefj5 (last accessed Feb. 6, 2026).

2

"Unfair prejudice 'speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.'" *United States v. Rathbun*, 98 F.4th 40, 51 (1st Cir. 2024) (quoting *United States v. DiRosa*, 761 F.3d 144, 153 (1st Cir. 2014)).  Potential for confusing the issues may arise when a "proceeding risk[s] becoming a mini-trial," or when it "could well [] create[] an unwarranted sideshow, drawing attention from the main event." *Neece v. City of Chicopee*, 106 F.4th 83, 97 (1st Cir. 2024) (internal quotations omitted).

## DISCUSSION

The Court should preclude the defense from introducing any evidence and argument regarding Abedini's arrest and subsequent release from custody in Italy.  The facts and circumstances regarding the release of Abedini and reasons for it are not fully known by the prosecution team.  Speculation as to why Abedini was released does not "move the inquiry forward" as to Sadeghi's guilt or innocence, and, even if it had any relevance, it is highly prejudicial and will cause undue delay, confusion, and mislead the jury.  Accordingly, this evidence and argument should be precluded prior to trial.

*First*, any evidence or argument related to statements of Italian officials as reported in the English media[3] that Abedini was released because the crimes he was charged with were not cognizable criminal offenses under Italian law is not relevant to the charges against Sadeghi. The reported opinion of Italian authorities as to whether Abedini's conduct is criminal under Italian law,[4] and, more generally, reasons for Italian authorities' release of Sadeghi's co-conspirator, are

---

[3] As a threshold matter, the reported statements of Italian officials published in the media are double hearsay that do not fall within any exceptions to the rule.  *See* Fed. R. Evid. 803.

[4] To introduce evidence regarding foreign law, the defense would also be required to give advanced notice of their intention to raise an issue of foreign law as required by Federal Rule of Criminal Procedure 26.1.  *See* Fed. R. Crim. P. 26.1 ("A party intending to raise an issue of foreign

3

irrelevant as to any issue in this case, which concerns Sadeghi's guilt for violating U.S. laws and regulations. In extradition matters, "[t]he principle of dual criminality dictates that, as a general rule, an extraditable offense must be a serious crime . . . punishable under the criminal laws of both the surrendering and the requesting state." *United States v. Saccoccia*, 58 F.3d 754, 766 (1st Cir. 1995). A foreign state's decision to criminalize conduct, or to charge an individual with certain conduct, has nothing to do with whether a defendant charged in the United States is guilty of crimes punishable under U.S. law.[5] This is truer where the individual arrested and released is not the defendant currently on trial in the United States.

"Each [State] has the power, inherent in any sovereign, independently to determine what shall be an offense against its authority and to punish such offenses, and in doing so each is exercising its own sovereignty, not that of the other." *United States v. Wheeler*, 435 U.S. 313, 320 (1978) (internal quotations omitted). Similarly, in a case such as this in which the government "need not prove anything about foreign law in order to establish [d]efendant[']s guilt of the charges in the indictment," such evidence is not relevant. *See* ECF 853, *United States v. Napout*, 1:15-cr-00252-PKC-PML, at 20 (E.D.N.Y. Dec. 12, 2017); *see also United States v. Napout*, 332 F. Supp. 3d 533, 570-72 (E.D.N.Y. 2018) (affirming decisions to exclude foreign law where "specific foreign-law evidence . . . was not directly probative of [defendant]'s own beliefs"). The jury in

---

law must provide the court and all parties with reasonable written notice. . . . ."). Defense has not provided any such notice at the time of filing.

[5] There is no evidence that Italian authorities made any evaluation using U.S. law of Abedini's alleged conduct. Even if there were, such evidence would be irrelevant for largely the same reasons as any foreign law considerations would be—a separate sovereign's consideration of a different individual's alleged misconduct, for purposes other than determining guilt or innocence (*i.e.*, for extradition), and using a separate legal system with separate laws and rules of evidence, does not "move the inquiry forward to some degree" as to whether Sadeghi committed the violations of U.S. law that he has been charged with in the Superseding Indictment, which was returned nearly a year after Abedini's release. *Criz-Ramoz*, 987 F.3d at 42.

this case will hear nothing of the elements of Italian law or Italian criminal procedure; nor should they. Any determination of Italian authorities as to whether to charge or release Abedini does not bear on whether *Sadeghi's* conduct violates *United States* law.

Even within the United States, it is well settled that determinations as to charging decisions are not relevant. *E.g., United States v. Marrero-Ortiz*, 160 F.3d 768, 775 (1st Cir. 1998) ("[E]vidence [of dropped charges] ordinarily does not prove innocence. After all, cases are dismissed for a variety of reasons, many of which are unrelated to culpability."); *see also United States v. Bingham*, 653 F.3d 983, 999 (9th Cir. 2011) (prosecution may not be brought "for a variety of reasons that have nothing to do with [a person's] guilt or innocence . . . ."); *United States v. Paul,* 194 F. App'x 792, 795 (11th Cir. 2006) ("[T]he disposition of prior state charges . . . was irrelevant to [defendant's] guilt or innocence concerning the charged conduct."); *United States v. Dufresne,* 58 F. App'x 890, 897 (3d Cir. 2003) ("Criminal charges, and by implication, the lack of them, are not evidence."). If this type of evidence is irrelevant when it arises with respect to prosecutions in the United States, it is certainly irrelevant when in the context of a foreign state's consideration of an individual who is not currently on trial.

*Second*, any arguable relevance of this evidence is outweighed by its overly prejudicial nature and should be excluded under Rule 403's balancing test. Arguments that Sadeghi or Abedini's conduct was not unlawful in Italy or that extradition was not a priority for the United States would create "an obvious risk of jury nullification" because, "[n]otwithstanding any limiting instruction the Court may give, there is a substantial risk that the jury would improperly acquit[]" if it believed the conduct did not violate foreign law, *Napout*, 1:15-cr-00252-PKC-PML, at 25, or otherwise made determinations on the basis of alleged diplomatic actions. Similarly, and like with rulings to exclude no-charge decisions because of their overly prejudicial nature, evidence about

5

Italy's executive or judicial branch's actions would "shift the jury's focus" to discretionary decisions that may not be considered for guilt or innocence. *Berman v. Sink*, No. 1:13-cv-005970SAB, 2016 WL 8730672, at *2 (E.D. Cal. May 27, 2016).

*Third,* the evidence should also be excluded pursuant to Rule 403's balancing because it would serve to confuse the issues and cause undue trial delay. Such evidence would touch on diplomatic issues that could raise questions of privileges or other matters that would require time-intensive litigation to resolve. Were such evidence or argument to be presented by the defense, the government would likely seek to present its own evidence of the activities related to Abedini's arrest and release, foreign law, or Italian extradition procedures, to rebut any suggestions made by the defense as to those topics. That evidence would be voluminous and, most importantly, would distract the jury from their fact-finding responsibilities and invite confusion over which assessments to follow or what conclusions to draw from the evidence of Abedini's release. In other words, evidence related to Abedini's release would likely "create[] an unwarranted sideshow, drawing attention from the main event." *Neece*, 106 F.4th at 97.

**CONCLUSION**

WHEREFORE, the government respectfully requests that the Court issue an order precluding evidence and argument regarding Abedini's arrest in Italy and subsequent release.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: /s/  *Leslie C. Esbrook*
JARED C. DOLAN
ALATHEA E. PORTER
Assistant United States Attorneys

LESLIE C. ESBROOK
Trial Attorney

6

**<u>CERTIFICATE OF SERVICE AND COMPLIANCE WITH LOCAL RULE 7.1</u>**

I certify that I filed this document via the CM/ECF system on February 6, 2026, which caused the document to be electronically served on all counsel of record.  I hereby certify that the government has conferred with counsel for the defendant, Mahdi Mohammad Sadeghi, who reserves the right to file a response to the government's Motion.

*/s/ Leslie C. Esbrook*
Leslie C. Esbrook
Trial Attorney

Date: February 6, 2026