UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>MAHDI MOHAMMAD SADEGHI, a/k/a<br>MOHAMMAD MAHDI SADEGHI,<br><br>Defendant. | No. 1:24-CR-10391-IT |

### GOVERNMENT'S MOTION *IN LIMINE* TO AUTHENTICATE AND TO ADMIT BUSINESS RECORDS

The United States of America hereby respectfully moves *in limine* for an order finding that records produced by Google, Yahoo, Microsoft, Federal Express, Mouser, DigiKey, GitHub, GoDaddy, Qatar Airways, Turkish Airlines, and JP Morgan Chase (collectively, the "Businesses") in response to search warrants and subpoenas (the "Business Records") are self-authenticating under Federal Rules of Evidence ("FRE") 902(11) and 902(13).  Absent a stipulation, such an order would obviate the need for keepers of records from the Businesses—all of which are headquartered outside of Massachusetts—to testify during the trial.  Additionally, the government seeks an order finding that the records produced by Federal Express, Mouser, DigiKey, GitHub, GoDaddy, Qatar Airways, Turkish Airlines, JP Morgan Chase, and certain of the records produced by Google, Yahoo, and Microsoft are admissible under FRE 803(6) as records of regularly conducted activity.[1]

The government produced the Business Records in discovery in this matter, and the government identified which of the Business Records it seeks to use as trial exhibits, including

---

[1] The parties have conferred about a potential stipulation on both authenticity and FRE 803(6), but as of the time of this filing had not yet reached an agreement.  Copies of the proposed exhibits that the government will seek to admit under FRE 803(6) will be provided to the Court in advance of the final pretrial conference.

identifying the specific source of each record.  Additionally, the government has produced certificates of authenticity from the Businesses that satisfy the requirements of FRE 902.[2]

The purpose of this motion is to eliminate the need to call eleven separate witnesses who would provide no substantive testimony but would merely provide testimony limited to the same information contained in the business certifications.  To require such testimony, where there is no real dispute as to authenticity, would cause unnecessary delay and waste the time of the Court and the jurors.  To be clear, the order sought by the government would have no bearing on the defendant's ability to challenge the admissibility of the records on relevance or other grounds.  *See* Fed. R. Evid. 902(13), Advisory Committee's Note (2017) ("A certification under this Rule can establish only that the proffered item has satisfied the admissibility requirements for authenticity. The opponent remains free to object to the admissibility of the proffered item on any other grounds").

## LEGAL STANDARD

### A.  <u>Self-Authenticating Records</u>

Federal Rule of Evidence 902 addresses "evidence that is self-authenticating."  Extrinsic evidence of authenticity is not required for the admission of evidence that is self-authenticating under Rule 902.  "Certified domestic records of a regularly conducted activity" may be self-authenticated under Rule 902(11).  The records must satisfy the business records requirements of Rule 803(6)(A)-(C), "as shown by a certification of a custodian or qualified person."  Fed. R. Evid.

---

[2] The government has requested, but not yet received, certificates of authenticity from Microsoft and DigiKey.  It has notified counsel for Sadeghi that those certificates are outstanding and will make them available as soon as it receives them.  Members of the prosecution team have been in contact with Microsoft and DigiKey and the government expects to receive (and produce to the defense) those remaining certificates of authenticity.  The government will notify the Court and defense counsel in a supplemental filing should any issues arise.

902(11). Rule 902(13) provides that records "generated by an electronic process or system that produces an accurate result, shown by certification meeting the requirements of Rule 902(11)" are self-authenticating, removing any need to provide extrinsic evidence of authenticity. The Advisory Committee explained that "as with the provisions of business records under Rules 902(11) and (12), the Committee has found that the expense and inconvenience of producing a witness to authenticate an item of electronic evidence is often unnecessary." Fed. R. Evid. 902, Advisory Committee's Note (2017). "It is often the case that a party goes to the expense of producing an authentication witness, and then the adversary either stipulates authenticity before the witness is called or fails to challenge the authentication testimony once it is presented." *Id.* The rule allows the parties to determine in advance of trial whether a real challenge to authenticity will be made and to plan accordingly. *See United States v. Burgos-Montes*, 786 F.3d 92, 119 (1st Cir. 2015); *United States v. Cameron*, 699 F.3d 621, 641-42 (1st Cir. 2012); *see also United States v. Gal*, 606 F. App'x 868, 874-75 (9th Cir. 2015) (affirming the admission of "emails based on Yahoo's affidavit" pursuant to Rule 902(11)); *United States v. Hassan*, 742 F.3d 104, n. 25 (4th Cir. 2014) (rejecting appellants' "contention that the Facebook and Google certifications are insufficient because they were made for litigation purposes several years after the postings occurred").

Courts regularly provide pretrial rulings on the admissibility of business records certified in compliance with Rule 902(11) and (13). "The federal courts have long sanctioned—indeed encouraged—the government and criminal defendants to seek pretrial rulings on the admissibility of evidence in the interests of orderly presentation of evidence at trial …" *United States v. Bulger*, 928 F. Supp. 2d 294, 299-300 (D. Mass. 2013); *see also* Fed. R. Crim. P. 12(b)(1) ("A party may raise by pretrial motion any … request that the court can determine without a trial on the merits").

Common pretrial evidentiary rulings include those in favor of the admissibility of business records under Rule 902(11).

As part of its Confrontation Clause jurisprudence, the Supreme Court has specifically distinguished affidavits or certificates authenticating records from other types of affidavits. *See Melendez-Diaz v. Massachusetts*, 555 U.S. 305 (2009). In *Melendez-Diaz*, the Court held that a particular affidavit prepared by a drug analyst as part of a criminal investigation was testimonial. *Id.* at 207. The affidavit at issue in that case stated that certain powder seized from a defendant was determined to be cocaine. *Id.* In responding to the dissent's concern that the holding would eviscerate the usefulness of Rule 902(11), the Court explained that, "[a] clerk could by affidavit authenticate or provide a copy of an otherwise admissible record, but could not do what the analyst did here: create a record for the sole purpose of providing evidence against a defendant." *Id.* at 322-23.

Relying on *Melendez-Diaz*, numerous Circuit courts and lower courts have concluded that certifications authenticating records are not testimonial and therefore are not barred by *Crawford v. Washington*, 541 U.S. 36 (2004). *See, e.g., Burgos-Montes*, 786 F.3d at 120; *United States v. Johnson*, 688 F.3d 494, 504-05 (8th Cir. 2012); *United States v. Ellis*, 460 F.3d 920, 924 (7th Cir. 2006). The *Ellis* court explained that an authenticating certification under Rule 902(11) is "nothing more than the custodian of records … attesting that the submitted documents are actually records kept in the ordinary course of business" and "merely establish the existence of the procedures necessary to create a business record." 460 F.3d at 926. It is the underlying records, not the certification, that are introduced to establish the facts at trial. *See also United States v. Brinson*, No. 13-5138, 2014 WL 6872171 (10th Cir. Dec. 8, 2014) (holding that *Melendez-Diaz* did not apply because the certificate authenticating debit card records did not contain any analysis that

would constitute out-of-court testimony but was simply non-testimonial statement of authenticity) (citing *United States v. Yeley-Davis*, 632 F.3d 673, 680-81 (10th Cir. 2011)).

### B. Business Records as Non-Hearsay

Rule 803(6) provides that business records are admissible if they are accompanied by a certificate of their custodian or other qualified person that satisfies three requirements: (1) that the records were "made at or near the time by – or from information transmitted by – someone with knowledge"; (2) that they were "kept in the course of regularly conducted activity of a business"; and (3) that "making the record was a regular practice of that activity." Fed. R. Evid. 803(6); *see United States v. Forty-Febres*, 2018 WL 2182653, *1 (D.P.R. May 11, 2018), *aff'd,* 989 F3d 802 (1st Cir. 2020); *see also Federal Trade Comm. v. Direct Marketing Concepts, Inc.*, 624 F.3d 1, 16 (1st Cir. 2010) (no error in admitting an exhibit accompanied by a declaration that satisfied Rule 902(11) and holding that the declaration did not need to use the "magic words 'regular course of business'" to satisfy Rule 902(11)).

### DISCUSSION

The government has produced voluminous business records and their respective authentication certificates to the defendant and provided notice of its intent to offer business records at trial. The government has identified the particular source of each of the records it intends to offer at trial. The Business Records identified as trial exhibits constitute business records under Rule 803(6) or are otherwise admissible as statements of the defendant or co-conspirators.[3] Further, because the Business Records are certified in compliance with Rules 902(11) and 902(13), the records are admissible without the need for witness testimony at trial. Holding that the records

---

[3] The government has filed a separate motion *in limine* seeking to introduce statements of co-conspirators. *See* Dkt. 176.

are admissible absent trial testimony by each of the eleven records custodians is further consistent with Rules 902(11) and (13), will reduce the length of trial, and will conserve the resources of the Court and the parties.  Further, the government respectfully requests that the Court provide its ruling in advance of trial to avoid substantial inconvenience to the eleven business records custodians and their employers, to avoid travel-related costs to the government, and so that the Court and the parties can plan accordingly.  *See, e.g., Bulger*, 928 F. Supp. 2d at 300 (discussing the benefits of "pretrial rulings on the admissibility of evidence").

<b>CONCLUSION</b>

WHEREFORE, the government respectfully requests that the Court rule that the records identified in the government's exhibit list and certified as true and accurate business records in the business certifications provided to the defense are authentic copies of records under FRE 902(11) and 902(13) without the need for testimony of record custodians at trial.  The government further requests that the Court grant the government's motion to admit business records under FRE 803(6).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: /s/   *Alathea E. Porter*
JARED C. DOLAN
ALATHEA E. PORTER
Assistant United States Attorneys

LESLIE C. ESBROOK
Trial Attorney

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH LOCAL RULE 7.1

I certify that I filed this document via the CM/ECF system on February 6, 2026, which caused the document to be electronically served on all counsel of record. I hereby certify that the government has conferred with counsel for the defendant, Mahdi Mohammad Sadeghi, who reserves the right to file a response to the government's Motion.

*/s/ Alathea E. Porter*
Alathea E. Porter

Dated: February 6, 2026