UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>MAHDI MOHAMMAD SADEGHI, a/k/a<br>MOHAMMAD MAHDI SADEGHI,<br><br>Defendant. | No. 1:24-CR-10391-IT |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Crim. P. 30 and the Court's pre-trial order, the Government respectfully

requests that the Court give the following jury instructions, in addition to any instructions the Court

customarily provides in criminal cases.  The Government reserves the right to supplement, modify,

or withdraw these requested instructions in light of the requested instructions filed by the defendant

and the evidence introduced at trial.

Respectfully submitted,

LEAH FOLEY
United States Attorney

By:   */s/ Alathea E. Porter*
ALATHEA E. PORTER
JARED C. DOLAN
Assistant United States Attorneys

LESLIE ESBROOK
Trial Attorney

## CERTIFICATE OF SERVICE

I certify that, on February 6, 2026 I caused a copy of the foregoing document to be served
via the ECF system on all counsel of record.

Dated: February 6, 2026        By:   */s/ Alathea E. Porter*
Alathea E. Porter
Assistant United States Attorney

1

**PERSONS NOT ON TRIAL AND CO-CONSPIRATORS[1]**

You are here to decide whether the government has proven beyond a reasonable doubt that the defendant, Mahdi Sadeghi, is guilty of the crimes charged in the Superseding Indictment. You are not to be concerned with the guilt or innocence of any other person or persons not on trial as a defendant in this case. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding. Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

You may not draw any inference, whether favorable or unfavorable, as to either side from the fact that no persons other than the defendant is on trial here. You may not speculate as to the reasons why other people are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

---

[1] Adapted from *L. Sand et al., Modern Federal Jury Instructions: Criminal,* Instr. 1.21 (2021).

**CONSPIRACY TO VIOLATE THE
INTERNATIONAL EMERGENCY ECONOMIC POWERS ACT
AND THE IRANIAN TRANSACTIONS AND SANCTIONS REGULATIONS**[2]

**50 U.S.C. § 1705 and 31 C.F.R. §§ 560.203-206**

Count One charges the defendant with the crime of conspiracy to violate the International Emergency Economic Powers Act, or IEEPA, and the Iranian Transactions and Sanctions Regulations, or ITSR. Specifically, the Superseding indictment alleges that from in or about January 2016, through December 16, 2024, the defendant and his co-conspirators conspired to knowingly and willfully export, reexport, sell, or supply, directly or indirectly, goods, technology, or services from the United States to Iran, or to a person in a third country with knowledge or reason to know that such goods, technology, or services were intended specifically for supply, transshipment, or reexportation, directly or indirectly, to Iran, without first having obtained a license from the U.S. Department of the Treasury.

For you to find a defendant guilty of conspiracy, you must be convinced that the government has proved each of the following things beyond a reasonable doubt:

<u>First</u>, that there was an agreement between at least two people to commit the offense set forth in the Superseding Indictment, that is, a violation of the International Emergency Economic Powers Act; and

<u>Second</u>, that the defendant willfully joined in that agreement.[3]

---

[2]Adapted from Pattern Crim. Jury Instr. 1st Cir. 4.18.371(1).

[3] *See generally* 50 U.S.C. § 1705; *see United States* v. *Ayden*, 2015 WL 927666, at *3 (N.D. Ga. Mar. 3, 2015) (citing *Whitfield* v. *United States*, 543 U.S. 209, 213–14 (2005)). Adapted from *United States v. Guanghua*, 1:23-cr-00091-CKK, ECF 256 (D.D.C. 2025); *United States v. Atilla*, 15 Cr. 867, ECF 434 (RMB) (S.D.N.Y. 2017); *United States v. Hajavi*, 1:19-cr-00443-TWT-JEM, ECF 176 (N.D. Ga. 2023).

A conspiracy is an agreement, spoken or unspoken, express or tacit, among two or more conspirators, to accomplish an unlawful purpose. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime, including the object of the conspiracy. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

The government does not have to prove that the defendant committed a substantive violation of IEEPA, attempted to commit a violation of IEEPA, or that a substantive violation of IEEPA actually occurred, in order for you to find him guilty of the conspiracy charge. The government must, however, prove that the defendant willfully participated in a conspiracy to commit a violation of IEEPA.

To act "willfully" means to act voluntarily and intelligently, and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law, and not to act by ignorance, accident, or mistake. The government must prove two types of intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy charged here: an intent to agree; and an intent, whether reasonable or not, that the underlying crime be committed. Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that the defendant agreed specifically to or knew about all the details of the crime; that he knew every other co-conspirator; that he participated in

each act of the agreement; or that he played a major role in it.  However, the government must prove beyond a reasonable doubt that the defendant knew the essential features and general aims of the venture.  Even if the defendant was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.

I will next discuss the substantive elements of an IEEPA violation, which you must also consider in assessing the first element of Count One.

**VIOLATION OF THE
INTERNATIONAL EMERGENCY ECONOMIC POWERS ACT
AND THE IRANIAN TRANSACTIONS AND SANCTIONS REGULATIONS**

**50 U.S.C. § 1705 and 31 C.F.R. §§ 560.203-206**

Counts Two, Four, Seven, and Eight of the Superseding Indictment charge the defendant with the substantive offense of violating the International Emergency Economic Powers Act or IEEPA and the Iranian Transactions and Sanctions Regulations, or ITSR.

To find that the defendant has committed the substantive crime of violating IEEPA and the ITSR, you must find that the government has proved the following three elements beyond a reasonable doubt:

First, on or about the charged dates, the defendant exported, reexported, sold, or supplied, directly or indirectly, or attempted or caused the export, reexport, sale, or supply, directly or indirectly, of goods from the United States to Iran or the Government of Iran, or to a person in a third country;

Second, that the defendant had knowledge or reason to know that such goods were intended specifically for supply, transshipment, or reexportation, directly or indirectly, to Iran or the Government of Iran;

Third, the defendant acted willfully; and

Fourth, that the defendant did not obtain a license from the Department of the Treasury's Office of Foreign Assets Control, or OFAC, to engage in the charged transactions.[4]

An export is the act of sending or carrying goods and merchandise from one country to another. At all times relevant to this prosecution, it was unlawful to export goods from the United

---

[4] Adapted from *United States v. Hajavi*, 1:19-cr-00443-TWT-JEM, ECF 176 (N.D. Ga. 2023); *see United States v. Guanghua,* 1:23-cr-00091-CKK, ECF 256 (D.D.C. 2025); *United States v. Mousavi*, No. CR 07-cr-513, ECF 150 (C.D. Cal. 2008).

States to Iran, either directly or indirectly, including reexporting a U.S.-origin item from one foreign country to another foreign country, without prior approval in the form of a license issued by the U.S. Department of the Treasury's Office of Foreign Assets Control. A reexport is the sending of goods and merchandise originally from the United States from one foreign country to another foreign country.[5]

I have already instructed you on the definition of willfully. An act is done willfully if it is committed voluntarily and intelligently and with the intent to do something that the law forbids- that is to say, with bad purpose, either to disobey or disregard the law-not to act by ignorance, accident or mistake.[6] While the Government must show that the defendant knew that the exportation of U.S.-origin electronic components to Iran or the Government of Iran in this case was illegal, it is not necessary for the Government to prove that the defendant had read, was aware of, or had consulted the International Emergency Economic Powers Act, the Iranian Transactions and Sanctions Regulations, or any other specific law or regulation that his conduct may have violated. The Government, however, must prove beyond a reasonable doubt, by reference to facts and circumstances surrounding the case, that the defendant acted knowingly and willfully with the specific intent to violate the law.[7]

---

[5] *See United States v. Hajavi*, 1:19-cr-00443-TWT-JEM, ECF 176 (N.D. Ga. 2023) (Court's instructions to the jury).

[6] Adapted from Pattern Crim. Jury Instr. 1st Cir. 4.18.371(1).

[7] *See United States v. Murphy*, 852 F.2d 1, 7 (1st Cir. 1988); *United States v. Wu*, 1:08-cr-10386-PBS, ECF 316 at 52-53 (D. Mass. Apr. 19, 2011), *overturned on other grounds*, 711 F.3d 1 (1st Cir. 2013); *United States v. Sihai Cheng*, 392 F. Supp. 3d 141, 157 (D. Mass. 2019).

*See also Bryan* v. *United States*, 524 U.S. 184, 190, 196 (1998); *United States v. Henry*, 888 F.3d 589, 599 (2d Cir. 2018); *United States* v. *Turner*, 836 F.3d 849, 859 (7th Cir.), *as supplemented*, 840 F.3d 336 (7th Cir. 2016); *United States* v. *Mousavi*, 604 F.3d 1084, 1093 (9th Cir. 2010); *United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 151-52 (D.D.C. 2020).

At all times relevant to Counts Two, Four, Seven, and Eight, the ITSR, issued pursuant to IEEPA, were in effect, and prohibited export, reexport, sale, or supply, directly or indirectly, of any good from the United States to Iran or the Government of Iran, including the export, reexport, sale, or supply of any good to a person in a third country undertaken with knowledge or reason to know that the good was intended specifically for supply, transshipment, or reexportation, directly or indirectly, to Iran or the Government of Iran, without first having obtained a license from the US. Department of the Treasury. The ITSR also prohibited any attempt to export or reexport or causing the export or reexport of any good, directly or indirectly, from the United States to Iran or the Government of Iran, without first having obtained a license from the US. Department of the Treasury.

### *PINKERTON* LIABILITY[8]

There is another method by which you may evaluate whether to find the defendant guilty of the substantive charges in the indictment.

If, in light of my instructions, you find beyond a reasonable doubt that the defendant was guilty on the conspiracy count (Count 1), then you may also, but you are not required to, find him guilty of the substantive crimes charged in Counts Two, Four, Seven, and Eight, provided you find beyond a reasonable doubt each of the following elements:

<u>First</u>, that someone committed the substantive crime charged in those counts;

<u>Second</u>, that the person you find actually committed the substantive crime was a member of the conspiracy of which you found the defendant was a member;

<u>Third</u>, that this co-conspirator committed the substantive crime in furtherance of the conspiracy;

<u>Fourth</u>, that the defendant was a member of this conspiracy at the time the substantive crime was committed and had not withdrawn from it; and

<u>Fifth</u>, that the defendant could reasonably have foreseen that one or more of his co-conspirators might commit the substantive crime.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of the substantive crime charged, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of them.

If, however, you are not satisfied as to the existence of any one of these five elements, then you may not find the defendant guilty of the particular substantive crime unless the government

---

[8] Adapted from Pattern Crim. Jury Instr. 1st Cir. § 4.18.371(2).

9

proves beyond a reasonable doubt that the defendant committed that substantive crime, or aided and abetted its commission.

**AID AND ABET[9]**

There is another method by which you may evaluate whether to find the defendant guilty of the substantive charges in the indictment and that is if the defendant aided and abetting another in the commission of the crime.

To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt:

First, that someone else committed the charged crime; and

Second, that the defendant consciously shared the other person's knowledge of the underlying criminal act, intended to help him, and took part in the endeavor, seeking to make it succeed.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

---

[9] Adapted from Pattern Crim. Jury Instr. 1st Cir. § 4.18.02.