IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MAHDI SADEGHI | No.  1:24-cr-10391-IT |

### DEFENDANT MAHDI SADEGHI'S TRIAL BRIEF

Defendant Mahdi Sadeghi respectfully submits this Trial Brief. The parties' competing proposed Jury Instructions and Motions *in Limine*, listed with docket references below in Sections II and III, identify the foreseeable legal issues that may arise at trial.

In addition, defense counsel note that, other than a proposed OFAC expert, who is the subject of a pending Motion in Limine [D.E. 179], and the proposed experts concerning recovered drone debris who have now been excluded from the case, the government has not disclosed any other expert witnesses or testimony. Accordingly, the defense will be carefully policing the bounds of permissible lay opinion on a question-by-question basis. *See* Fed. R. Evid 701 (permitting lay opinion testimony only where "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge"); *see also United States v. Garcia*, 291 F.3d 127, 140 (2d Cir. 2002) ("[A] witness offering a lay opinion must base his opinion on his own personal knowledge, which must be established to the court and jury."); *Francois v. Gen. Health Sys.*, 459 F. Supp. 3d 710, 725 (M.D. La. 2020) ("Before the witness is allowed to give lay opinion testimony, a foundation must be laid which demonstrates that the factual basis upon which the opinion is given is rationally based on the witness's perception and absent that foundation, the opinion is inadmissible.").

1

### I.      The Court Should Exclude Undisclosed Expert Testimony.

Federal Rule of Criminal Procedure 16 requires that the government disclose in writing certain information "for any testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief." Fed. R. Crim. P. 16(a)(1)(G)(i); *see also* Local Rule 116.1(b) ("A defendant shall be deemed to have requested all the discovery authorized by Fed. R. Crim. P. 16(a)(1) unless that defendant files a Waiver…"). The disclosure must contain, "for each expert witness," among other things, "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief" and "the bases and reasons for them."      Fed. R. Crim. P. 16(a)(1)(G)(iii). In the event of non-compliance, the Court may "prohibit that party from introducing the undisclosed evidence" and enter "any . . . order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). *See, e.g., United States v. Ulbricht*, 2015 U.S. Dist. LEXIS 11936, at *13 (S.D.N.Y. Feb. 1, 2015) (collecting cases), *aff'd*, 858 F.3d 71 (2d Cir. 2017).

Law enforcement witnesses, even those who personally participate in an investigation testify as experts when they draw on knowledge honed through other investigations, experience, or training to formulate and explain their opinions.  *See, e.g., United States v. Garcia*, 413 F.3d 201, 216 (2d Cir. 2005) (rejecting argument that opinions were lay "as long as the opinion was 'reached in the course of his investigation' and 'based on their investigative work,'" and finding that testimony that "drug dealers generally used code words when referring to their illicit transactions" was expert); *see also United States v. Haynes*, 729 F.3d 178, 195 (2d Cir. 2013) (testimony by officer about his search of a defendant's car was expert, not lay, where it was "based on knowledge that [he] acquired inspecting other cars at the border").

Here, the defense anticipates that issues may arise during agent testimony that may seek

to describe specialized tools and techniques used to extract files and metadata from seized digital devices and media, as well as testimony that may seek to explain the purported meaning and significance of documents or other information at issue that are beyond the ken of ordinary persons on the jury. If the "opinion rests in any way upon scientific, technical, or other specialized knowledge, its admissibility must be determined by reference to Rule 702, not Rule 701." *United States v. Cabrera*, 13 F.4th 140, 149 (2d Cir. 2021) (emphasis added).

## II.    Competing Jury Instructions

The parties have submitted competing jury instructions, *see* D.E. 174 (defense instruction) and D.E. 187 (government instructions) and objections to the opposing party's jury instructions, *see* D.E. 205 (defense objections) and D.E. 204 (government objections).

## III.    Motions *in Limine*

The parties have filed the following Motions *in Limine* (other than the cross motions concerning drone evidence that the Court has already decided):

1. Government's Motion *in Limine* to Admit Co-Conspirator Statements [D.E. 176] and Defendant's Opposition [D.E. 197].

2. Defendant's Motion *in Limine* to Admit Evidence Relevant to *Mens Rea* [D.E. 178] and Government's Opposition [D.E. 201].

3. Defendant's Motion *in Limine* to Exclude Legal Opinion Evidence Regarding Export Controls [D.E. 179] and Government's Opposition [D.E. 202].

4. Defendant's Motion *in Limine* to Play Court-Developed Educational Video Concerning Unconscious Bias to Prospective Jurors [D.E. 180] and Government's Opposition [D.E. 200].

5. Government's Motion *in Limine* to Exclude Information Related to Defendant

Bringing a Laptop to Iran [D.E. 181 and Defendant's Opposition [D.E. 198].

6.  Government's Motion *in Limine* to Exclude Evidence Related to Co-Conspirator's Foreign Detention and Release [D.E. 182] and Defendant's Response [D.E. 194].

7.  Government's Motion *in Limine* to Exclude Argument and Evidence on the Joint Comprehensive Plan of Action [D.E. 183] and Defendant's Opposition [D.E. 199].

8.  Government's Motion *in Limine* Pursuant to *United States v. Rengifo* Regarding English-Language Translations of Farsi Exhibits [D.E. 184] and Defendant's Response [D.E. 196].

9.  Government's Motion *in Limine* to Authenticate and to Admit Business Records [D.E. 185] and Defendant's Response [D.E. 195].

Respectfully submitted,

**MAHDI SADEGHI**

by his attorneys,

*/s/ William Fick*
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
Amy Barsky (BBO #601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
*wfick@fickmarx.com*
*dmarx@fickmarx.com*
*abarsky@fickmarx.com*

**CERTIFICATE OF SERVICE**

I, William Fick, hereby certify that on February 17, 2026, I caused this document to be filed through the ECF system.

*William Fick*

4