IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>MAHDI SADEGHI | No. 1:24-cr-10391-IT |

**DEFENDANT MAHDI SADEGHI'S**
**MOTION FOR JUDGMENT OF ACQUITTAL OR, ALTERNATIVELY, NEW TRIAL**

For the reasons stated in the accompanying memorandum of law, and under the applicable standards set forth below, Defendant Mahdi Sadeghi respectfully moves for a judgment of acquittal on all counts pursuant to Fed. R. Crim. P. 29(c) or, alternatively, for a new trial pursuant to Fed. R. Crim. P. 33(a).

**Rule 29 – Judgment of Acquittal**

Pursuant to Fed. R. Crim. P. 29(c), this Court "must enter judgment of acquittal of any offense for which the evidence is insufficient to obtain a conviction," meaning no "rational jury" could have concluded that the prosecution "proved each element of the crime beyond a reasonable doubt." *United States v. Appolon*, 715 F.3d 362, 367 (1st Cir. 2013). In evaluating the trial record, this Court must "reject those evidentiary interpretations and illations that are unreasonable, insupportable, or overly speculative." *United States v. Spinney*, 65 F.3d 231, 234 (1st Cir. 1995).

> If the evidence viewed in the light most favorable to the verdict gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged, this court must reverse the conviction. This is so because . . . where an equal or nearly equal theory of guilt and a theory of innocence is supported by the evidence viewed in the light most favorable to the prosecution, 'a reasonable jury *must necessarily entertain* a reasonable doubt.

*United States v. Flores-Rivera*, 56 F.3d 319, 323 (1st Cir. 1995) (quoting *United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992)); *see United States v. Lopez-Diaz*, 794 F.3d 106, 110 (1st Cir.

2015) (vacating convictions and recognizing "deference to jury verdicts is not without limit"). Such careful consideration is "especially important in criminal cases, given the prosecution's obligation to prove every element of an offense beyond a reasonable doubt." *Spinney*, 65 F.3d at 234. Where "the chain of inferences forged by the prosecution is too loose," the jury is left to speculate about a key fact, or sufficient proof is altogether missing on any element, a conviction must be vacated. *United States v. Houlihan*, 92 F.3d 1271, 1295 (1st Cir. 1996).

Here, acquittal is required because the evidence was insufficient to prove every element of each offense beyond a reasonable doubt. The prosecution failed to prove that Mr. Sadeghi violated IEEPA and ITSR or that he conspired with Co-Defendant Mohammad Abedini (or anyone else) to do so. By way of illustrative, but non-exclusive example, the evidence was insufficient to convict Mr. Sadeghi on the substantive charge (Counts 2 and 8), because it failed to prove that he (1) *caused* (or attempted to cause) another person to ship ADI parts to Illumove in Switzerland, (2) intended that those parts would then be sent or taken *to Iran*, (3) intended that they would be *exported* to Iran, as IEEPA and ITSR use that technical term, and (4) acted *willfully*—that is, with the specific intent to do something that U.S. export laws forbid. The evidence was also insufficient to convict Mr. Sadeghi of the conspiracy charge (Count 1), because it failed to prove that (1) he intentionally joined any conspiracy to violate U.S. export laws or (2) his alleged co-conspirator, Abedini, intended to violate those same laws.

**Rule 33 – New Trial**

Alternatively, pursuant to Fed. R. Crim. P. 33(a), this Court should exercise its "broad discretion" to grant a new trial, because "the interest of justice so requires." *United States v. Indelicato*, 611 F.2d 376, 387 (1st Cir. 1979); *see United States v. Baptiste*, 8 F.4th 30, 34-35 (1st Cir. 2021) (affirming order of new trial). Indeed, this Court's discretion to order a new trial is

"broader" than its power to direct an acquittal, *see United States v. Rothrock*, 806 F.2d 318, 321 (1st Cir. 1986) (holding new trial may be appropriate even when evidence is sufficient to convict), and the "interest of justice" standard is more expansive than the appellate "reversible error" review, *see United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994). "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice." *United States v. Fergeson*, 246 F.3d 129, 134 (2d Cir. 2001).

Here, a new trial is warranted because the prosecution's disruptive and baseless objection to the defense's closing argument impaired the defense's presentation and, in doing so, compromised Mr. Sadeghi's right to a fair trial. In addition, the admission of supposed Iranian "bank records," pursuant to the residential exception to the hearsay rule, was erroneous and, given the prosecution's emphasis on that evidence in its own closing, unfairly prejudicial to Mr. Sadeghi.

Respectfully submitted,

**MAHDI SADEGHI**

by his attorneys,

*/s/ Daniel N. Marx*
William W. Fick (BBO #650562)
Daniel N. Marx (BBO #674523)
Amy Barsky (BBO #601111)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
*wfick@fickmarx.com*
*dmarx@fickmarx.com*
*abarsky@fickmarx.com*

Dated: August 3, 2026

**CERTIFICATE OF SERVICE**

I, Daniel N. Marx, hereby certify that on August 3, 2026, I caused this document to be filed through the ECF system.

*/s/ Daniel N. Marx*
Daniel N. Marx